THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-21353-CIV-MARTINEZ/AOR

GOLDEN KRUST FRANCHISING, INC.,

    Petitioner,

v.

KEITH CLAYBORNE, BERNADETTE
CLAYBORNE, 7 "K" CORP., GOLDEN KRUST
#6, LLC, and GOLDEN KRUST #7, LLC,

    Respondents.
_____/

## OMNIBUS ORDER AND REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Petitioner Golden Krust Franchising, Inc.'s ("Petitioner"):

1. Motion to Compel Subpoena Compliance and for Contempt and Sanctions Against The Southern Pig, LLC, Hallenberg Investments, LLC, and Golden Krust #4, LLC [D.E. 59];

2. Motion to Compel Subpoena Compliance and for Contempt and Sanctions Against Kendall Clayborne [D.E. 60];

3. Amended Motion to Compel Subpoena Compliance and for Contempt and Sanctions Against Kendall Clayborne [D.E. 62];[1]

4. Motion to Compel Subpoena Compliance and for Contempt and Sanctions Against Kendrick Clayborne, Reidun Hallenberg, Borne Kings I Inc., Credit Score Wallet LLC,

---

[1] According to Petitioner, the Amended Motion was filed to "clarify the nature of its communications" with Kendall Claiborne regarding the subpoena. Id. at 1 n.1.

> Kendrick Clayborne, P.A., Clayborne Group LLC, Rib Bone Woman, Inc., and Corpolingo LLC [D.E. 67];

5. Motion for Entry of Final Judgment in Garnishment Against BBVA USA [D.E. 72]; and

6. Motion for Entry of Final Judgment in Garnishment Against JPMorgan Chase Bank [D.E. 73].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 63].

On March 27, 2020, Petitioner filed a Petition to Confirm and Enforce Final Arbitration Awards (hereafter, "Complaint") [D.E. 1] against Keith Clayborne, Bernadette Clayborne, 7 "K" Corp., Golden Krust #7, LLC (collectively, "Respondents"). On July 8, 2020, the Court entered Final Default Judgment against Respondents for failure to respond to Petitioner's Complaint and confirmed the American Arbitration Association's awards in AAA Case No. 01-18-0004-2768, awarding the Respondents $758,633.89, plus post judgment interest at the statutory rate by law. See Final Default Judgment [D.E. 20 at 2]. Thereafter, Petitioner filed the motions listed in items numbers one through four above seeking compliance with the subpoenas served on various entities (collectively, "Subpoena Motions" and "Subpoena Respondents"). In items numbers five and six above, Petitioner seeks judgments of garnishment (together, "Motions for Entry of Final Judgment in Garnishment").

**A. Subpoena Motions**

On March 3, 2021, after Subpoena Respondents failed to respond to the Subpoena Motions, the undersigned issued an Order to Show Cause directing Subpoena Respondents to, within 20 days from the date of the Order to Show Cause, either: show cause why the Subpoena Motions

should not be granted; or, alternatively, file a response in opposition to the Subpoena Motions by the same date. See Order to Show Cause [D.E. 77]. Subpoena Respondents have failed to comply with the undersigned's Order to Show Cause. In the Subpoena Motions, Petitioner seeks to compel full compliance with the Subpoenas, an award of its reasonable expenses in bringing the Subpoena Motions, and sanctions in an amount to be determined by the Court. See Subpoena Motions [D.E. 59 at 5, D.E. 62 at 5, D.E. 67 at 8-9].

### B. Motions for Entry of Final Judgment in Garnishment

In response to Petitioner's Writs of Garnishment [D.E. 27, 51], Garnishee JPMorgan Chase Bank answered that it was holding $7,263.69 belonging to Respondents Keith Clayborne and Bernadette Clayborne, and Garnishee BBVA USA answered that it was holding $388.83 belonging to Respondent Keith Clayborne. See Motions for Entry of Final Judgment in Garnishment [D.E. 72 at 2, D.E. 73 at 3]. Petitioner served copies of the Garnishees' answers on Respondents, but Respondents failed to move to dissolve the writs of garnishment or otherwise object. Id.

On January 22, 2021, Petitioner filed its Motions for Entry of Final Judgment in Garnishment against BBVA USA and JPMorgan Chase Bank (collectively, "Garnishees"), to which Respondents failed to respond.

On March 3, 2021, the undersigned issued an Order to Show Cause directing the Respondents to, within 20 days from the date of the Order to Show Cause, show cause why the Motions for Entry of Final Judgment in Garnishment should not be granted. See Order to Show Cause [D.E. 78]. The Respondents have failed to comply with the undersigned's Order to Show Cause. In the Motions for Entry of Final Judgment in Garnishment, Petitioner seeks garnishment judgments for $7,263.69 and $388.83, respectively.

### C. Order on Subpoena Motions

Based on the foregoing, it is ORDERED AND ADJUDGED that Petitioner's Subpoena Motions [D.E. 59, 60, 62, 67] are **GRANTED** as follows:

- ➢ Within **20 days** from the date of this Order, Subpoena Respondents shall **fully** respond without objections to Petitioner's post-judgment discovery requests and serve them on Petitioner's attorney. Failure to comply with this Order may result in a finding of contempt and subject Subpoena Respondents to contempt sanctions.

- ➢ Petitioner's requests for an award of attorney's fees in filing the Subpoena Motions [D.E. 59, 60, 62, 67] are **GRANTED.** Petitioner shall submit a statement of reasonable fees within **10 days** from the date of this Order.

### D. Report and Recommendation on Motions for Entry of Final Judgment in Garnishment

Based on the foregoing, it is RESPECTFULLY RECOMMENDED that:

- ➢ Petitioner's Motion for Entry of Final Judgment in Garnishment Against BBVA USA [D.E. 72] be GRANTED; final judgment in garnishment be entered in favor of Petitioner and against Garnishee BBVA USA in the amount of $388.83; and Garnishee BBVA be ordered to disburse the garnished funds to Petitioner within 10 calendar days from the date of the Court's Order; and

- ➢ Petitioner's Motion for Entry of Final Judgment in Garnishment Against JPMorgan Chase Bank [D.E. 73] be GRANTED; final judgment in garnishment be entered in favor of Petitioner and against Garnishee JPMorgan Chase Bank in the amount of $7,263.69; and Garnishee JPMorgan Chase Bank be ordered to disburse the garnished funds to Petitioner within 10 calendar days from the date of the Court's Order.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

DONE AND ORDERED and RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 20th day of April, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
Counsel of Record

Keith and Bernadette Clayborne
2010 NW 125 Terrace
Pembroke Pines, FL 33028

The Southern Pig, LLC
7901 4th Street North, Ste 300
St. Petersburg, FL 33702

Hallenberg Investments, LLC
7901 4th Street North, Ste 300
St. Petersburg, FL 33702

Kendall Clayborne
Golden Krust #4, LLC
2764 SW 81st Terrace, #2748
Miramar, FL 33025

Kyle Clayborne
The Southern Pig, LLC, Hallenberg Investments, LLC, and Golden Krust #4, LLC
3301 NE 1st Ave, PH 6

Miami, FL 33137

Kendrick Clayborne
Reidun Hallenberg, Borne Kings I Inc., Credit Score Wallet LLC, Kendrick Clayborne, P.A., Clayborne Group LLC, Rib Bone Woman, Inc., and Corpolingo LLC
7520 SW 59th Place, #2
Miami, FL 33143